SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Eric W. May (SBN 264733)
emay@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
DS SERVICES OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MANUEL GARCIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DS SERVICES OF AMERICA, INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-142<br>Exhibits 1-3 to<br>**DEFENDANT DS SERVICES OF AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>Removed from the Superior Court of California, County of Los Angeles Case No. 20STCV43055<br><br>[*Filed concurrently with the Declarations of Tamara Leary and Eric W. May; Certification as to Interested Parties; Civil Cover Sheet; and Proof of Service*]<br><br>Complaint Filed:  Nov. 12, 2020<br>Trial Date:        None Set |

67332811v.3

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2020 Sherri R. Carter, Executive Officer/Clerk of Court, by D. Nixon, Deputy Clerk

Case 2:21-cv-00142-PSG-KS    Document 2    Filed 01/07/21    Page 3 of 67    Page ID #:18
20STCV43055

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

## NOTICE TO DEFENDANT:
## *(AVISO AL DEMANDADO):*

DS SERVICES OF AMERICA, INC., a Delaware Corporation, and DOES 1-10, inclusive.

## YOU ARE BEING SUED BY PLAINTIFF:
## *(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL GARCIA,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* <br> 20STCV43055 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sandra C. Muñoz, Esq., 5429 E. Beverly Blvd., Los Angeles, CA 90022, Tel: 323.720.9400

| DATE: 11/12/2020 <br> *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by <br> *(Secretario)* | J. So | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courts.ca.gov |

Electronically FILED ... Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

SANDRA C. MUÑOZ, ESQ., SBN 190404
LAW OFFICES OF SANDRA C. MUÑOZ
A PROFESSIONAL LAW CORPORATION
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Telephone: (323) 720-9400
Facsimile: (323) 720-9090
Email: sandra@scmlawoffices.com

Attorneys for Plaintiff
MANUEL GARCIA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MANUEL GARCIA,<br><br>    Plaintiff,<br><br>vs.<br><br>DS SERVICES OF AMERICA, INC, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 20STCV43055<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.   **Discrimination(Cal. Govt. Code §12900, <u>et seq</u>.)**<br><br>2.   **Failure to Accommodate (Cal. Govt. Code §12900, <u>et seq</u>.)**<br><br>3.   **Failure to Engage in Interactive Process (Cal. Govt. Code §12900, <u>et seq</u>.)**<br><br>4.   **Retaliation for Seeking Accommodation (Cal. Govt. Code §12900, <u>et seq</u>.)**<br><br>5.   **Failure to Prevent Discrimination (Cal. Govt. Code §12900, <u>et seq</u>.)**<br><br>6.   **Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MANUEL GARCIA, an individual, brings this complaint against defendant DS SERVICES OF AMERICA, INC., a Delaware Corporation, and Does 1-10 for: general, compensatory, statutory, and punitive damages, costs, and attorneys' fees, resulting from defendants' unlawful conduct, and as grounds therefore alleges:

1

**COMPLAINT FOR DAMAGES**

## PARTIES

1.    Plaintiff MANUEL GARCIA is an individual who at all relevant times was employed and resided in the County of Los Angeles, California.

2.    On information and belief, defendant DS SERVICES OF AMERICA, INC., is and was at all times relevant herein, a Delaware Corporation doing business in the County of Los Angeles, State of California.

3.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names and capacities.  Plaintiff will amend this complaint to allege their true identities when ascertained.  Plaintiff is informed and believes and on that basis alleges, that each fictitiously named defendant is responsible in some manner for the acts and failures to act herein alleged, and that plaintiff's injuries as herein alleged were legally caused by the conduct of each such defendant.

4.    Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each of the defendants was the agent or employee of, and/or working in concert with, his/her co-defendants and was acting within the course and scope of such agency, employment and/or concerted activity.  Plaintiff alleges that to the extent certain acts and omissions were perpetrated by certain defendants, the remaining defendant or defendants confirmed and ratified said acts and omissions.

5.    Plaintiff is informed and believes and thereupon alleges, that at all times material herein, each defendant was dominated and controlled by his/her co-defendant and each was the alter-ego of the other.

6.    Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly and severally.

## ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

7.    Plaintiff MANUEL GARCIA was first employed by defendant DS SERVICES OF AMERICA, INC. in or about June 2014 as a Route Driver.

8.    In or about February 2016, Mr. Garcia suffered an injury to his knee that impaired his ability to walk and that subsequently required knee surgery.  In or about July 2017, Mr. Garcia

**COMPLAINT FOR DAMAGES**

1  underwent knee surgery which required him to take a leave of absence from DS Services until

2  approximately September 5, 2017.  On that day, Mr. Garcia returned to work without restrictions but was

3  still under pain medication and also medication for anxiety.

4       9.  In or about October 2017, Mr. Garcia attended a staff meeting during which employees

5  were told that prescription medications taken by any of them had to be brought to their supervisors.  The

6  following day, Mr. Garcia took his pain and anti-anxiety medication to his supervisor Damon Cruz.

7       10.  On or about October 31, 2017, Mr. Garcia was involved in a minor vehicular accident

8  during his route.  Mr. Garcia underwent a drug test after the accident which indicated that he had taken

9  codeine.  When questioned about the test results, Mr. Garcia explained that he had unknowingly taken a

10  Tylenol with codeine for the pain in his knee on a single occasion.  In response, his supervisor told Mr.

11  Garcia that the Tylenol should not be a problem and that everything was going to be okay.

12       11.  Despite his supervisor's assurances, Mr. Garcia was suspended on November 10, 2017

13  and then wrongfully terminated on November 21, 2017.

14       12.  On or about November 15, 2018, plaintiff MANUEL GARCIA filed a complaint against

15  defendant DS SERVICES OF AMERICA, INC. with the California Department of Fair Employment and

16  Housing alleging, among other things, that he had been discriminated against because of his disability

17  and denied reasonable accommodations.  Plaintiff was issued a right-to-sue letter on November 12, 2019

18  with respect to defendant DS SERVICES OF AMERICA, INC.  Plaintiff has thereby exhausted his

19  FEHA administrative remedies.

20       13.  As a direct and proximate result of defendants' unlawful conduct, and prolonged

21  harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer physical

22  injuries, including but not limited to interrupted sleep, headaches, and body aches.  He has also sustained

23  prolonged pain and suffering, embarrassment, humiliation, loss of self-esteem, loss of confidence,

24  depression, and extreme and severe mental anguish and emotional distress; and plaintiff has suffered and

25  continues to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to

26  general and compensatory damages in amounts to be proven at trial.

27       14.  The conduct of the defendants as alleged herein was malicious, fraudulent, oppressive

28  and despicable, in that defendants acted with knowledge and/or conscious disregard of the consequences

**COMPLAINT FOR DAMAGES**

1 | to plaintiff, as alleged herein, and with the intent to harass plaintiff, and in willful, conscious and wanton

2 | and reckless disregard for the rights of plaintiff and for the deleterious consequences and cruel and

3 | unjust hardship resulting to plaintiff from such conduct.  Consequently, plaintiff is entitled to exemplary

4 | and punitive damages from the defendants.

**FIRST CAUSE OF ACTION**

**(Discrimination-- Cal. Govt. Code §12900, et seq.)**

**[Plaintiff Against DS SERVICES OF AMERICA, INC. and Does 1 through 10]**

8 |     15.    Plaintiff restates and incorporates by reference each and every allegation contained in

9 | paragraphs 1 through 13, inclusive, as though fully set forth herein.

10 |     16.    At all times relevant herein, the California Fair Employment and Housing Act ("FEHA"),

11 | Government Code §12900, et seq., was in full force and effect, and binding upon defendants.  Said

12 | provisions required defendants, among other things, to refrain from discriminatory employment practices

13 | on the basis of a disability and/or perceived disability.

14 |     17.    Plaintiff Garcia had a disability within the meaning of FEHA, Cal. Gov't. Code

15 | §12926(m) and/or was perceived to have a disability under the meaning of FEHA, Cal. Gov't.

16 | §12926(m) by the defendants.

17 |     18.    Defendants discriminated against plaintiff because of his disability and/or perceived

18 | disability by treating him differently than other employees, failing to reasonably accommodate him,

19 | failing to engage in the interactive process, and/or terminating his employment.

20 |     19.    As a direct and proximate result of defendants' unlawful conduct, and prolonged

21 | harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer physical

22 | injuries, including but not limited to interrupted sleep, headaches, and body aches.  He has also sustained

23 | prolonged pain and suffering, embarrassment, humiliation, loss of self-esteem, loss of confidence,

24 | depression, and extreme and severe mental anguish and emotional distress; and plaintiff has suffered and

25 | continues to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to

26 | general and compensatory damages in amounts to be proven at trial.

27 |     20.    The conduct of defendants and each of them, and/or their agents/employees as described

28 | herein was malicious and/or oppressive, and done with a willful and conscious disregard for plaintiff's

**COMPLAINT FOR DAMAGES**

1    rights and for the deleterious consequences of defendants' actions.  Defendants, and/or their

2    agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

3    Consequently, plaintiff is entitled to punitive damages against each of said defendants.

### SECOND CAUSE OF ACTION

**Failure to Accommodate**

**[Plaintiff Against DS SERVICES OF AMERICA, INC. and Does 1 through 10]**

7        21.    Plaintiff restates and incorporates by reference each and every allegation contained in

8    paragraphs 1 through 20, inclusive, as though fully set forth herein.

9        22.    Pursuant to California Government Code §12940(m), it is an unlawful employment

10   practice for an employer to fail to make a reasonable accommodation for the known disability of an

11   employee.

12       23.    Defendants' conduct as alleged herein constitutes an unlawful failure to accommodate in

13   violation of Cal. Gov't Code §12940(m).

14       24.    As a direct and proximate result of defendants' unlawful conduct, and prolonged

15   harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer physical

16   injuries, including but not limited to interrupted sleep, headaches, and body aches.  He has also sustained

17   prolonged pain and suffering, embarrassment, humiliation, loss of self-esteem, loss of confidence,

18   depression, and extreme and severe mental anguish and emotional distress; and plaintiff has suffered and

19   continues to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to

20   general and compensatory damages in amounts to be proven at trial.

21       25.    The conduct of defendants and each of them, and/or their agents/employees as described

22   herein was malicious and/or oppressive, and done with a willful and conscious disregard for plaintiff's

23   rights and for the deleterious consequences of defendants' actions.  Defendants, and/or their

24   agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

25   Consequently, plaintiff is entitled to punitive damages against each of said defendants.

26   ///

27   ///

28   ///

5

**COMPLAINT FOR DAMAGES**

1

### THIRD CAUSE OF ACTION

2

**Failure to Engage in the Interactive Process**

3

**(Violation of Cal. Gov. Code §12940(n))**

4

**[Plaintiff Against Defendant Old Dominion, Inc. and Does 1 through 10]**

5      26.     Plaintiff restates and incorporates by reference each and every allegation contained in

6   paragraphs 1 through 25, inclusive, as though fully set forth herein.

7      27.     Pursuant to the California Government Code §12940(n), it is an unlawful employment

8   practice for an employer to fail to engage in a timely, good faith, interactive process with an employee to

9   determine an effective reasonable accommodation in response to an employee request for

10  accommodation.

11     28.     Defendants' conduct as alleged herein constitutes an unlawful failure to engage in an

12  interactive process in violation of Cal. Gov't Code §12940(n).

13     29.     As a direct and proximate result of defendants' unlawful conduct, and prolonged

14  harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer physical

15  injuries, including but not limited to interrupted sleep, headaches, and body aches.  He has also sustained

16  prolonged pain and suffering, embarrassment, humiliation, loss of self-esteem, loss of confidence,

17  depression, and extreme and severe mental anguish and emotional distress; and plaintiff has suffered and

18  continues to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to

19  general and compensatory damages in amounts to be proven at trial.

20     30.     The conduct of defendants and each of them, and/or their agents/employees as described

21  herein was malicious and/or oppressive, and done with a willful and conscious disregard for plaintiff's

22  rights and for the deleterious consequences of defendants' actions.  Defendants, and/or their

23  agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

24  Consequently, plaintiff is entitled to punitive damages against each of said defendants.

25  ///

26  ///

27  ///

28

6

**COMPLAINT FOR DAMAGES**

1

## FOURTH CAUSE OF ACTION

2

### Retaliation for Seeking Accommodation

3

### (Violation of Cal. Gov. Code §12940(h))

4

### [Plaintiff Against DS SERVICES OF AMERICA, INC. and Does 1 through 10]

5      31.     Plaintiff restates and incorporates by reference each and every allegation contained in

6   paragraphs 1 through 30, inclusive, as though fully set forth herein.

7      32.     At all relevant times herein and in violation of Cal. Gov. Code § 12940(h), defendants

8   and each of them, and/or their agents/employees, retaliated against plaintiff by terminating his

9   employment after he sought accommodations due to his condition.

10     33.     As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered

11  and will continue to suffer physical injuries, pain and suffering, and extreme and severe mental anguish

12  and emotional distress, plaintiff has incurred and/or will incur medical expenses for treatment by

13  physicians, psychiatrists and/or other health professionals, and for other incidental medical expenses;

14  and plaintiff has suffered and will continue to suffer a loss of earnings, and other employment benefits

15  and job opportunities.  Plaintiff is therefore entitled to general and compensatory damages in an amount

16  to be proven at trial.

17     34.     The conduct of defendants and each of them, and/or their agents/employees as described

18  herein was malicious and/or oppressive, and done with a willful and conscious disregard for plaintiff's

19  rights and for the deleterious consequences of defendants' actions.  Defendants, and/or their

20  agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

21  Consequently, plaintiff is entitled to punitive damages against each of said defendants.

22

## FIFTH CAUSE OF ACTION

23

### Failure to Prevent Discrimination

24

### (Cal. Gov't Code §12900, et seq.)

25

### [Plaintiff Against DS SERVICES OF AMERICA, INC. and Does 1 through 10]

26     35.     Plaintiff restates and incorporates by reference each and every allegation contained in

27  paragraphs 1 through 34, inclusive, as though fully set forth herein.

28     36.     In violation of Cal. Gov. Code § 12940(i), defendants and/or its agents/employees failed

7

### COMPLAINT FOR DAMAGES

1  to take all reasonable steps necessary to prevent discrimination.

2        37.    As a direct and proximate result of defendants' unlawful conduct, and prolonged

3  harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer physical

4  injuries, including but not limited to interrupted sleep, headaches, and body aches. He has also sustained

5  prolonged pain and suffering, embarrassment, humiliation, loss of self-esteem, loss of confidence,

6  depression, and extreme and severe mental anguish and emotional distress; and plaintiff has suffered and

7  continues to suffer a loss of earnings and other employment benefits. Plaintiff is thereby entitled to

8  general and compensatory damages in amounts to be proven at trial.

9        38.    In committing the wrongful acts and failures to act described above, Defendants, and each

10  of them, knew their actions were unlawful, and committed such acts either maliciously, fraudulently,

11  oppressively and despicably and with the wrongful intention of injuring Plaintiff, with an improper and

12  evil motive amounting to malice, and\or in conscious disregard of Plaintiff's rights. By reason of said

13  conduct, Plaintiff is entitled to recover exemplary damages from Defendants and each of them.

14  **SIXTH CAUSE OF ACTION**

15  **(Wrongful Termination in Violation of Public Policy)**

16  **[Plaintiff Against DS SERVICES OF AMERICA, INC. and Does 1 through 10]**

17        39.    Plaintiff restates and incorporates by reference each and every allegation contained in

18  paragraphs 1 through 38, inclusive, as though fully set forth herein.

19        40.    As set forth above, plaintiff was terminated because of his disability, his perceived

20  disability, and/or his requests for an accommodation. Under any of these circumstances, his termination

21  violates the public policy of the State of California as expressed in, among other things, the Fair

22  Employment and Housing Act and Government Code Section 12940, et seq.

23        41.    As a direct and proximate result of defendants' unlawful conduct: plaintiff has suffered

24  and will continue to suffer physical injuries, pain and suffering, and extreme and severe mental anguish

25  and emotional distress; plaintiff has incurred and will continue to incur medical insurance expenses for

26  treatment by physicians, and other health professionals, and for other incidental medical expenses; and

27  plaintiff has suffered and continues to suffer a loss of earnings and other employment benefits. Plaintiff

28  is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**COMPLAINT FOR DAMAGES**

42.     In committing the wrongful acts and failures to act described above, defendants, and each of them, knew their actions were unlawful, and committed such acts either maliciously, fraudulently, oppressively and despicably and with the wrongful intention of injuring plaintiff, with an improper and evil motive amounting to malice, and\or in conscious disregard of plaintiff's rights.  By reason of said conduct, plaintiff is entitled to recover exemplary damages from defendants and each of them.

### PRAYER FOR RELIEF

Wherefore, plaintiff prays for judgment as follows:

1.  For compensatory damages including lost past and future wages, lost employee benefits, bonuses, vacation benefits, medical bills, mental and emotional distress, and other special and general damages according to proof but in excess of the jurisdictional threshold of this court;

2.  For an award of interest, including pre-judgment interest, at the legal rate;

3.  For punitive damages in an amount to be proven at time of trial for all causes of action in which such damages are recoverable;

4.  For reasonable attorneys' fees pursuant to Government Code section 12965, subdivision (b), and California Code of Civil Procedure Section 1021.5, and all other applicable statutes;

5.  For costs of suit incurred herein;

6.  For a jury trial on all issues so triable; and

7.  For such other and further relief as this court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: November 9, 2020                    Respectfully submitted,

By:  _____
                    SANDRA C. MUÑOZ
                    Attorneys for Plaintiff
                    MANUEL GARCIA

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 11/09/2020 01:38 PM R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Sandra C. Muñoz Esq., SBN:190404<br>Law Offices of Sandra C. Muñoz<br>5429 E. Beverly Blvd.<br>Los Angeles, CA 90022<br>TELEPHONE NO.: (323) 720-9400    FAX NO.: (323) 720-9090<br>ATTORNEY FOR *(Name):* Plaintiff, Manuel Garcia | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Garcia v. DS Services of America, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ✓ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ✓ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 9, 2020
Sandra C. Muñoz
_____                    ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Garcia v. DS Services of America, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Garcia v. DS Services of America, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Garcia v. DS Services of America, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Garcia v. DS Services of America, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>4500 York Blvd., Building C |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90041 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 9, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/09/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV43055 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Barbara A. Meiers | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/10/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Miua

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

1     d) Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5  3) EXEMPT LITIGANTS

6     a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7        from mandatory electronic filing requirements.

8     b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9        Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10       from filing documents electronically and be permitted to file documents by conventional

11       means if the party shows undue hardship or significant prejudice.

12 4) EXEMPT FILINGS

13    a) The following documents shall not be filed electronically:

14       i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15           Civil Procedure sections 170.6 or 170.3;

16       ii)   Bonds/Undertaking documents;

17       iii)  Trial and Evidentiary Hearing Exhibits

18       iv)  Any ex parte application that is filed concurrently with a new complaint including those

19           that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20       v)   Documents submitted conditionally under seal. The actual motion or application shall be

21           electronically filed. A courtesy copy of the electronically filed motion or application to

22           submit documents conditionally under seal must be provided with the documents

23           submitted conditionally under seal.

24    b) Lodgments

25       Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2   For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019 

    KEVIN C. BRAZILE

11      Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈Los Angeles County Bar Association Litigation Section◈

◈ Los Angeles County Bar Association
Labor and Employment Law Section◈

◈Consumer Attorneys Association of Los Angeles◈

◈Southern California Defense Counsel◈

◈Association of Business Trial Lawyers◈

◈California Employment Lawyers Association◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                                 (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____        ⯈ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:
                                          ⯈ _____
_____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:
                                          ⯈ _____
_____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:
_____        ⯈ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:
                                          ⯈ _____
_____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:
                                          ⯈ _____
_____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

                                          ⯈ _____
_____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:               FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>FAX NO. (Optional):</td><td></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:
                                                       ➤ _____
_____              (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                                       ➤ _____
_____              (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                                       ➤ _____
_____              (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                                       ➤ _____
_____              (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:
                                                       ➤ _____
_____              (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:
                                                       ➤ _____
_____              (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

THE COURT SO ORDERS.

Date:    _____

                                          _____
                                                  JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Sandra C. Muñoz, Esq.<br>Law Offices of Sandra C. Muñoz<br>5429 E. Beverly Blvd.<br>Los Angeles, CA 90022 | STATE BAR NUMBER:<br>190404 | *Reserved for Clerk's File Stamp*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 18 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Julian Araujo, Deputy |
|---|---|---|
| ATTORNEY FOR (Name): Plaintiff Manuel Garcia | | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | |
|---|---|
| COURTHOUSE ADDRESS:<br>111 N. Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Manuel Garcia | |
| DEFENDANT/RESPONDENT:<br>DS Services of America, Inc. | |
| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>20STCV43055 |

| Name of Judicial Officer: (PRINT)<br><br>Barbara Meiers | Dept. Number:<br><br>12 |
|---|---|
| ☑ Judge    ☐ Commissioner    ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Manuel Garcia
　　　　　　　　　Name of Party

☑ Plaintiff/Petitioner    ☐ Cross Complainant
☐ Defendant/Respondent    ☐ Cross Defendant
☐ Other:

Dated: November 18, 2020

Signature of Declarant

Sandra C. Muñoz
Printed Name

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/24/2020<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Araujo _____ Deputy |
| PLAINTIFF(S):<br>Manuel Garcia | |
| DEFENDANT(S):<br>DS Services of America, Inc., a Delaware Corporation, and DOES 1-1( | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)** | CASE NUMBER:<br>20STCV43055 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective __11/24/2020__, an order was made that the above-entitled action, previously assigned to __Barbara A. Meiers__, is now and shall be assigned to __Maureen Duffy-Lewis__ as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department __38__ at __Stanley Mosk Courthouse__ (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __11/24/2020__

By __J. Araujo__

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE**
**(Vacate Dates)**

(Proposed LACIV 253)
LASC Approved [00/00]

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/24/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Araujo _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Garcia | |
| DEFENDANT/RESPONDENT:<br>DS Services of America, Inc., a Delaware Corporation, and DOES 1-10, inclusive. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV43055 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Peremptory Challenge to Judicial Officer) of 11/24/2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sandra C. Munoz
Law Offices of Sandra C. Munoz, A Corporation Law
Corporation
5429 E. Beverly Blvd.
Los Angeles, CA  90022

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/24/2020

By:  J. Araujo
      Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

Central District, Stanley Mosk Courthouse, Department 12

**20STCV43055**                                                  November 24, 2020
**MANUEL GARCIA vs DS SERVICES OF AMERICA, INC., A**                    1:30 PM
**DELAWARE CORPORATION, AND DOES 1-10,**
**INCLUSIVE.**

Judge: Honorable Barbara A. Meiers          CSR: None
Judicial Assistant: J. Araujo               ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Peremptory Challenge to Judicial Officer

The Court reviews the Peremptory Challenge filed by Manuel Garcia (Plaintiff) on 11/18/2020 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Maureen Duffy-Lewis in Department 38 at the Stanley Mosk Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

Clerk is to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/24/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Araujo _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Garcia | |
| DEFENDANT/RESPONDENT:<br>DS Services of America, Inc., a Delaware Corporation, and DOES 1-10, inclusive. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV43055 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Sandra C. Munoz
Law Offices of Sandra C. Munoz, A Corporation Law
Corporation
5429 E. Beverly Blvd.
Los Angeles, CA  90022




Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/24/2020</u>

By:  <u>J. Araujo</u>
        Deputy Clerk



**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Manuel Garcia

DEFENDANT:
DS Services of America, Inc., a Delaware Corporation, and DOES

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**FILED**
Superior Court of California
County of Los Angeles

11/24/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Ellis _____ Deputy

CASE NUMBER:
20STCV43055

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/06/2021 | Time: 9:00 AM | Dept.: 12 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __11/24/2020__

**Barbara A. Meiers**

Barbara A. Meiers / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sandra C. Munoz, Esq.
5429 E. Beverly Blvd.
Los Angeles, CA 90022

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __11/24/2020__

By __C. Ellis__
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

# DEPARTMENT 12

## Judge Barbara A. Meiers

111 N. Hill Street, Room 636
Los Angeles, CA 90012
(213) 633-1012
Judicial Assistant:  Julian Araujo
Courtroom Assistant:  Carol Ellis

# MANDATORY COURTESY COPIES REQUIRED FOR ALL FILINGS

# <u>IF NOT, THE MOTION OR OPPOSITION MAY NOT BE CONSIDERED</u>

Courtesy Copies of all filings are to be lodged directly with
Department 12 within one court day after any electronic filing.
A failure to timely provide courtesy copies may result in a case
not being placed on the Court's calendar or a motion or a
matter being taken off calendar.



NOTICE:  A "Trial Brief" is requested but not required to be filed if possible on or before the Case Management Conference date per the Dept. 12 website. Counsel who will try the case are ordered to appear at the Case Management Conference. A Failure to appear by such a Plaintiff's and Cross-Complainant's Counsel will be deemed a consent to dismissal of the Complaint or Cross-Complaint and the case will be dismissed on the case management date without further notice on the case management date. No party is required to file a Case Management Statement in Dept. 12.

# ~UPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

~ESS:

~iosk Courthouse

~r North Hill Street, Los Angeles, CA 90012

~AINTIFF:

~anuel Garcia

~FENDANT:

~S Services of America, Inc., a Delaware Corporation, and DOES

## NOTICE OF CASE MANAGEMENT CONFERENCE

| Reserved for Clerk's File Stamp |
|---|
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/03/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lomeli _____ Deputy |

CASE NUMBER:
20STCV43055

THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

~ are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all ~ies/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

~r Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/05/2021 | Time: 8:30 AM | Dept.: 38 |
|---|---|---|

~TICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

~suant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # ~110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement ~ be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the ~e and be fully prepared to participate effectively in the Case Management Conference.

~he Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order ~blishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the ~; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay ~uction Act (Gov. Code, § 68600 et seq.)

~ce is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case ~agement Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure ~ons 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of ~rt, rule 2.2 et seq.

~d: 12/03/2020

Maureen Duffy-Lewis

_____
Maureen Duffy-Lewis / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

~ below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause ~n, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

~y depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original ~led herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

~y personally giving the party notice upon filing of the complaint.

~Sandra C. Munoz, Esq.
~5429 E. Beverly Blvd.
~Los Angeles, CA 90022

Sherri R. Carter, Executive Officer / Clerk of Court

~d: 12/03/2020

By R. Lomeli
_____
Deputy Clerk

~132 (Rev. 07/13)
~pproved 10-03
~ional Use

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/03/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lomeli _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Garcia | |
| DEFENDANT/RESPONDENT:<br>DS Services of America, Inc., a Delaware Corporation, and DOES 1-10, inclusive. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV43055 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sandra C. Munoz
Law Offices of Sandra C. Munoz, A Corporation Law
Corporation
5429 E. Beverly Blvd.
Los Angeles, CA  90022

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>12/3/2020</u>

By: <u>R. Lomeli</u>
      Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 2

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 190404<br>NAME: Sandra C. Muñoz, Esq.<br>FIRM NAME: Law Offices of Sandra C. Muñoz<br>STREET ADDRESS: 5429 E. Beverly Blvd.<br>CITY: Los Angeles       STATE: CA    ZIP CODE: 90022<br>TELEPHONE NO.: 323.720.9400    FAX NO. : 323.720.9090<br>E-MAIL ADDRESS: sandra@scmlawoffices.com<br>ATTORNEY FOR (Name): Plaintiff Manuel Garcia | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE:      Los Angeles 90012
BRANCH NAME:   Central District

Plaintiff/Petitioner:   Manuel Garcia
Defendant/Respondent:   DS Services of America, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV43055 |
|---|---|

TO (insert name of party being served): DS Services of America, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:   January 4, 2020

                 Sandra C. Muñoz
                   (TYPE OR PRINT NAME)              ▶          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other (specify):

     Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; LASC First Amended General Order; Voluntary Efficient Litigation Stipulations; ADR Information Package; Plaintiff's Peremptory Challenge to Judicial Officer; Notices of Case Management Conference; and Notice of Case Reassignment.

*(To be completed by recipient):*

Date this form is signed:    January 4, 2021

Eric W. May, Counsel for Defendant DS Services of America, Inc.
     (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>     ON WHOSE BEHALF THIS FORM IS SIGNED)        ▶      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**    

**<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA                    )
                                       )   SS
COUNTY OF LOS ANGELES                  )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On January 5, 2021, I served the within document(s):

NOTICE AND ACKNOWLEDGMENT OF RECIEPT - CIVIL

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐   electronically by using the Court's ECF/CM System.

Sandra C. Munoz, Esq.                    Phone:    323-720-9400
Law Offices of Sandra C. Munoz                     323-720-9090
A Professional Law Corporation
5429 E. Beverly Blvd                     *Attorneys for Plaintiff*
Los Angeles, CA 90022                    Manuel Garcia

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on January 5, 2021, at Los Angeles, California.

_____
              Rebecca Garner

67313540v.2

## May, Eric

| | |
|---|---|
| **From:** | May, Eric |
| **Sent:** | Monday, January 04, 2021 5:38 PM |
| **To:** | Sandra C. Munoz |
| **Cc:** | Pollaci, Jamie C |
| **Subject:** | RE: Manuel Garcia v. DS Services of America, Inc. |
| **Attachments:** | Notice and Acknowledgment - DS Services(67449287v1).PDF |

Thanks, Sandra.  Attached please find a courtesy copy of my signature.  I'll also send you a copy via mail.

Eric

---

**From:** Sandra C. Munoz <sandra@scmlawoffices.com>
**Sent:** Monday, January 04, 2021 2:40 PM
**To:** May, Eric <EMay@seyfarth.com>
**Cc:** Pollaci, Jamie C <jpollaci@seyfarth.com>
**Subject:** RE: Manuel Garcia v. DS Services of America, Inc.


[EXT. Sender]

Here you go Eric.  Let me know if you have any questions.

Sandra C. Muñoz
Law Offices of Sandra C. Muñoz
A Professional Law Corporation
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Tel. 323.720.9400
Fax: 323.720-9090
scm4law@att.net

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete any version, response or reference to it. Thank you.

---

**From:** May, Eric [mailto:EMay@seyfarth.com]
**Sent:** Monday, January 04, 2021 1:19 PM
**To:** Sandra C. Munoz
**Cc:** Pollaci, Jamie C
**Subject:** RE: Manuel Garcia v. DS Services of America, Inc.


Thanks, Sandra.  I'll keep an eye out for it.

**Eric W May** | Associate | Seyfarth Shaw LLP
2029 Century Park East | Suite 3500 | Los Angeles, California 90067-3021
Direct: +1-310-201-1509 | Fax: +1-310-551-8316
emay@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Sandra C. Munoz <sandra@scmlawoffices.com>
**Sent:** Monday, January 04, 2021 12:36 PM
**To:** May, Eric <EMay@seyfarth.com>
**Cc:** Pollaci, Jamie C <jpollaci@seyfarth.com>
**Subject:** RE: Manuel Garcia v. DS Services of America, Inc.


**[EXT. Sender]**

Hello Eric,

Thank you for the email.  I will send you a Notice and Acknowledgment of Receipt shortly.

Sandra

Sandra C. Muñoz
Law Offices of Sandra C. Muñoz
A Professional Law Corporation
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Tel. 323.720.9400
Fax: 323.720-9090
scm4law@att.net

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete any version, response or reference to it. Thank you.


**From:** May, Eric [mailto:EMay@seyfarth.com]
**Sent:** Thursday, December 31, 2020 10:21 AM
**To:** sandra@scmlawoffices.com
**Cc:** Pollaci, Jamie C
**Subject:** Manuel Garcia v. DS Services of America, Inc.


Dear Ms. Munoz:

Following up on my voicemail to you, our law firm has been retained to represent DS Services of America, Inc. ("DSS"), who was the employer of your client Manuel Garcia in the above-referenced matter.  Please direct all communications in this matter to my attention, using the contact information listed herein.

We understand that your office attempted to serve the summons and Complaint on DSS by leaving a copy of the documents at DSS' branch location with someone who is not authorized to accept service.  Such service is not effective.  In any event, my office has been authorized to accept service on behalf of DSS.  Please send us the Notice and Acknowledgment of Receipt form and we'll promptly return it.

Please give me a call if you would like to discuss this case.  We're looking forward to working with you on this matter.

Eric

**Eric W May** | Associate | Seyfarth Shaw LLP
2029 Century Park East | Suite 3500 | Los Angeles, California 90067-3021
Direct: +1-310-201-1509 | Fax: +1-310-551-8316
emay@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2021 11:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Eric W. May (SBN 264733)
emay@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendant
DS SERVICES OF AMERICA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MANUEL GARCIA, | Case No. 20STCV43055 |
| Plaintiff, | HONORABLE MAUREEN DUFFY-LEWIS |
| v. | **ANSWER OF DEFENDANT DS SERVICES OF AMERICA, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** |
| DS SERVICES OF AMERICA, INC., a Delaware Corporation, and DOES 1-10, inclusive, | |
| Defendants. | Trial Date: None Set<br>Date Action Filed: November 12, 2020 |

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

67313540v.2

Defendant DS Services of America, Inc. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby answers the unverified Complaint For Damages ("Complaint") of Plaintiff Manuel Garcia ("Plaintiff"), as follows:

### GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

### SEPARATE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

### FIRST DEFENSE

#### (Failure to State a Claim for Relief—All Causes of Action)

1.      Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action for relief against Defendant.

### SECOND DEFENSE

#### (Frivolous Lawsuit—All Causes of Action)

2.      The Complaint, and each purported cause of action contained therein, is barred because Plaintiff's termination was a result of his admitted violations of California criminal law (Uniform Controlled Substances Act § 11350) and Department of Transportation regulations (21 C.F.R. §§ 382.213(b), § 382.501(a) and 382.501(b)), rendering this lawsuit completely frivolous.  Indeed, sanctions should be awarded against Plaintiff and/or Plaintiff's counsel for filing a frivolous lawsuit and wasting judicial resources.

1

2

**THIRD DEFENSE**

**(Statute of Limitations—All Causes of Action)**

3

4

5

6

3.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, the time limitations set forth in California Code of Civil Procedure Sections 335.1 and 338; and Government Code Sections 12940, 12960, and 12965.

7

**FOURTH DEFENSE**

8

**(Failure to Exhaust Administrative Remedies—First through Fifth Causes of Action)**

9

10

11

12

13

14

4.      To the extent that Plaintiff has failed to meet the administrative prerequisites to suit under the Fair Employment and Housing Act, Government Code sections 12940, *et seq*., including but not limited to failing to raise in his administrative charge of discrimination all of the claims raised in his Complaint, failing to file charges against Defendant, and failing to bring his administrative charge of discrimination within 365 days of the alleged unlawful conduct for which he is seeking relief, his claims are barred.

15

**FIFTH DEFENSE**

16

**(Plaintiff Caused Damage—All Causes of Action)**

17

18

19

20

21

22

5.      The Complaint, and each purported cause of action contained therein, is barred because Plaintiff's injuries, if any, were legally caused, in whole or in part, by Plaintiff's own negligent or intentional acts or omissions.  Further, as Plaintiff failed to exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged by Plaintiff and his recovery from Defendant, if any, should be reduced proportionately to the percentage of Plaintiff's negligence or fault.

23

**SIXTH DEFENSE**

24

**(After-Acquired Evidence—All Causes of Action)**

25

26

27

6.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, by the after-acquired evidence doctrine.

28

**SEVENTH DEFENSE**

**(Failure to Mitigate Damages—All Causes of Action)**

7.       Plaintiff is barred from recovering any damages on Plaintiff's Complaint (or any purported cause of action alleged therein), or any such recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**EIGHTH DEFENSE**

**(Workers' Compensation Act Preemption—All Causes of Action)**

8.       To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq*.

**NINTH DEFENSE**

**(Failure to Take Advantage of Preventive/Corrective Opportunities—All Causes of Action)**

9.       Plaintiff's recovery on his Complaint, or any purported cause of action therein, is barred on the grounds that Defendant exercised reasonable care to prevent and/or correct any unlawfully discriminatory or retaliatory workplace conduct allegedly experienced by Plaintiff.  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred or, alternatively, his relief is limited.  *State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

**TENTH DEFENSE**

**(Avoidable Consequences—All Causes of Action)**

10.       Any claim of damages alleged in Plaintiff's Complaint, in whole or in part, is barred by the avoidable consequences doctrine in that Plaintiff unreasonably failed to make use of his employer's practices and/or procedures by failing to timely and properly report any purported unlawful actions and/or omissions alleged in the Complaint.

1

**ELEVENTH DEFENSE**

2

**(Legitimate Business Justification/Same Decision/Mixed Motive—All Causes of Action)**

3

      11.     Any monetary recovery on Plaintiff's Complaint, or any purported cause of action

4

alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating

5

factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made

6

the same decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.  *See*

7

*Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

8

**TWELFTH DEFENSE**

9

**(Ratification—All Causes of Action)**

10

      12.     To the extent Plaintiff ratified, consented to, acquiesced in or approved the acts and

11

omissions about which he now complains, his claims are barred.

12

**THIRTEENTH DEFENSE**

13

**(Contributory Fault—All Causes of Action)**

14

      13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

15

is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

16

**FOURTEENTH DEFENSE**

17

**(Estoppel—All Causes of Action)**

18

      14.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

19

is barred because Plaintiff is estopped by his own conduct and actions to claim any right to damages or

20

any relief against Defendant.

21

**FIFTEENTH DEFENSE**

22

**(Consent and Waiver—All Causes of Action)**

23

      15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

24

is barred by the doctrines of consent and waiver because of Plaintiff's conduct and actions.

25

**SIXTEENTH DEFENSE**

26

**(Unclean Hands—All Causes of Action)**

27

      16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

28

is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

1

2

**SEVENTEENTH DEFENSE**

**(Laches—All Causes of Action s)**

3      17.      Plaintiff has delayed unreasonably in the filing of this action, causing prejudice to

4    Defendant, and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

5

**EIGHTEENTH DEFENSE**

6

**(Joint and Several Liability—All Causes of Action)**

7      18.      The liability of Defendant, if any, for the non-economic damages claimed by Plaintiff is

8    limited by Civil Code Section 1431.1, *et seq.*

9

**NINETEENTH DEFENSE**

10

**(No Intentional Conduct—All Causes of Action)**

11      19.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to allege

12    facts showing any intentional conduct on the part of Defendant, and therefore, fails to support any claim

13    for discrimination or retaliation under FEHA, California Government Code section 12900, *et seq.*

14    Plaintiff further alleges that Defendant's claims are barred to the extent that he cannot show that

15    Defendant engaged in discrimination against him on the account of any protected characteristic.

16

**TWENTIETH DEFENSE**

17

**(Good Faith and Reasonableness—All Causes of Action)**

18      20.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

19    is barred in whole or in part because Defendant and its agents acted reasonably and in good faith at all

20    times material herein based on all relevant facts and circumstances known by them at the time they so

21    acted.

22

**TWENTY-FIRST DEFENSE**

23

**(Good Faith Effort to Engage in Interactive Process—All Causes of Action)**

24      21.      Plaintiff's purported causes of action are barred because, assuming he was legally

25    disabled, Defendant made a good faith effort to engage in the interactive process with and to reasonably

26    accommodate Plaintiff.

27

28

**TWENTY-SECOND DEFENSE**

**(Failure To Participate In The Interactive Process In Good Faith—All Causes of Action)**

22.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff has failed to participate in the interactive process in good faith.

**TWENTY-THIRD DEFENSE**

**(Health and Safety of Plaintiff and Others—All Causes of Action)**

23.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff could not perform the essential duties of his position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

**TWENTY-FOURTH DEFENSE**

**(Undue Hardship—All Causes of Action)**

24.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Plaintiff's alleged disability could not be accommodated without undue hardship to Defendant.

**TWENTY-FIFTH DEFENSE**

**(Reasonable Accommodation—All Causes of Action)**

25.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business necessities.

**TWENTY-SIXTH DEFENSE**

**(Inability to Perform Essential Job Functions—All Causes of Action)**

26.     Plaintiff's Complaint, and each purported cause of action attempted to be alleged therein, is barred because Plaintiff is or was unable to perform all of the essential job functions for his position, or any open alternative position for which he was qualified, even with reasonable accommodation.  An employer does not have to maintain employment for an employee who is unable to perform the essential functions of the job.

1

**TWENTY-SEVENTH DEFENSE**

2

**(Failure to Identify Reasonable Accommodation—All Causes of Action)**

3        27.     Plaintiff's Complaint, and each purported cause of action attempted to be alleged therein,

4    is barred to the extent that Plaintiff has failed to identify any available form of reasonable

5    accommodation that would have allowed Plaintiff to perform the essential functions of Plaintiff's job

6    position.

7

**TWENTY-EIGHTH DEFENSE**

8

**(Privilege/Justification—All Causes of Action)**

9        28.     Defendant's actions, if any, respecting the subject matters alleged in the Complaint, and

10   the claims for relief asserted therein, were undertaken in good faith, with the absence of malicious

11   intent, and constitute lawful, proper, and justified means to further Defendant's purpose of engaging in

12   and continuing its business.  By reason thereof, Plaintiff is barred, in whole or in part, from recovery on

13   the claims for relief alleged in the Complaint.

14

**TWENTY-NINTH DEFENSE**

15

**(Managerial Discretion—All Causes of Action)**

16       29.     Any and all conduct of which Plaintiff complains and which is attributed to Defendant or

17   Defendant's agents or employees was a just and proper exercise of managerial discretion on the part of

18   Defendant or Defendant's agents or employees, and was undertaken for a fair and honest reason in light

19   of the circumstances existing at all times mentioned in Plaintiff's complaint.

20

**THIRTIETH DEFENSE**

21

**(Outside Scope of Authority—All Causes of Action)**

22       30.     The Complaint, and each purported cause of action therein, is barred as against

23   Defendant to the extent that the actions of its agents, employees, and representatives, if the actions

24   occurred, were not actions taken within the course and scope of their employment.

25

**THIRTY-FIRST DEFENSE**

26

**(Prompt Remedial Action—All Causes of Action)**

27       31.     To the extent that Plaintiff complained of any unlawful conduct, Defendant took prompt

28   remedial action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-SECOND DEFENSE

### (Offset—All Causes of Action)

32.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## THIRTY-THIRD DEFENSE

### (Punitive Damages Unconstitutional—All Causes of Action)

33.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including Defendant's rights to: (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 17 of the Constitution of the State of California; and (3) substantive due process provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

## THIRTY-FOURTH DEFENSE

### (Punitive Damages—All Causes of Action)

34.     Plaintiff may not recover punitive damages for discriminatory, harassing and/or retaliatory conduct, if any, to the extent that such conduct is contrary to Defendant's written policies instituted against wrongful conduct.

## THIRTY-FIFTH DEFENSE

### (Setoff and Recoupment—All Causes of Action)

35.     To the extent Plaintiff is entitled to damages, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

1

## THIRTY-SIXTH DEFENSE

2

### (Duplicate Damages—All Causes of Action)

3      36.      To the extent Plaintiff has received other benefits and/or awards attributable to an injury

4   for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in

5   part, any award he receives here for the same injury.

6

## THIRTY-SEVENTH DEFENSE

7

### (At-Will Employment—All Causes of Action)

8      37.      Plaintiff's Complaint, and any purported claim for relief alleged therein, is barred

9   because Plaintiff's employment with Defendant was at-will.

10

## THIRTY-EIGHTH DEFENSE

11

### (Lack of Knowledge—All Causes of Action)

12      38.      To the extent that any unlawful conduct occurred, which Defendant denies, Defendant

13   took all reasonable steps to prevent the alleged unlawful conduct and was not aware of Plaintiff's

14   purported complaints of unlawful conduct.  Accordingly, Plaintiff's claims are barred or, alternatively,

15   his relief is limited.

16

## ADDITIONAL DEFENSES

17      Defendant presently has insufficient knowledge or information on which to form a belief as to

18   whether it may have additional, unstated affirmative defenses available to them.  Defendant thus

19   reserves the right to assert additional affirmative defenses in the event discovery and further

20   investigation indicate they would be appropriate.

21

## PRAYER

22      Wherefore, Defendant prays for judgment as follows:

23      1.      That Plaintiff takes nothing by his Complaint;

24      2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of

25   action;

26      3.      That Defendant be awarded reasonable attorneys' fees according to proof;

27      4.      That Defendant be awarded the costs of suit herein incurred; and

28   ///

---

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

67313540v.2

1         5.     That Defendant be awarded such other and further relief as the Court may deem

2    appropriate.

3    DATED: January 4, 2021                    Respectfully submitted,

4                                       SEYFARTH SHAW LLP

6                                   By:*/s/ Eric W. May*

7                                      Jamie C. Pollaci
                                  Eric W. May

8                                      Attorneys for Defendant
                                  DS SERVICES OF AMERICA, INC.

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA )
                                                    )   SS

3

COUNTY OF LOS ANGELES )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party to the

5

within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On January 5, 2021, I served the within document(s):

6

     ANSWER OF DEFENDANT DS SERVICES OF AMERICA, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

7

8

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

☐  by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

12

13

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

☐  electronically by using the Court's ECF/CM System.

15

16

Sandra C. Munoz, Esq.     Phone:  323-720-9400
Law Offices of Sandra C. Munoz     323-720-9090

17

A Professional Law Corporation
5429 E. Beverly Blvd     *Attorneys for Plaintiff*

18

Los Angeles, CA 90022     Manuel Garcia

19

     I am readily familiar with the firm's practice of collection and processing correspondence for

20

mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

21

after date of deposit for mailing in affidavit.

22

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

     Executed on January 5, 2021, at Los Angeles, California.

25

26

_____
     Rebecca Garner

27

28

PROOF OF SERVICE